IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MYISHA ALLEN                             :
    Plaintiff                        :
                                         :    CIVIL ACTION
v.                                       :    NO. 18-2276
                                         :
FAMILY DOLLAR STORES OF                  :
PENNSYLVANIA, INC.                       :
    Defendant.                       :

**MEMORANDUM**

**Jones, II    J.**                                         November 27, 2018

**I.    Background**

Plaintiff, Myisha Allen, is an adult individual residing in Philadelphia, Pennsylvania. (Compl. ¶ 1.) Defendant, Family Dollar Stores of Pennsylvania, is a Limited Liability Company that has its principle place of business in Virginia and is organized under the laws of Virginia. (Removal Notice ¶ 3.) Defendant's sole member is Family Dollar Stores, Inc., which is organized under the laws of Delaware and has its principle place of business in Virginia. (Removal Notice ¶¶ 5, 6.) Defendant owns and operates a Family Dollar Store located at 7310 Frankford Avenue in Philadelphia, Pennsylvania. (Compl. ¶ 3.) On July 21, 2016, Plaintiff was a business invitee of said store when she tripped over a child's beach chair in the aisle and "was caused to lose her balance, slip, stumble, and fall." (Compl. ¶ 4.) Plaintiff claims that as a result of this fall, she . . .

> sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: aggravation of Chiari I malformation necessitating surgery, cervical/thoracic/lumbar sprain and strain, right L5, S1 radiculopathy, internal injuries of an unknown nature,

1

> severe aches, pains, mental anxiety and anguish, sever shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

(Compl. ¶ 11.)

Plaintiff further alleges that as a result of these injuries, she: continues to suffer severe pain, mental anguish, humiliation, and embarrassment; will have to undergo medical treatment; will incur medical expenses; and, will not be able to attend to her daily chores, duties, and occupations, such that she will suffer loss of earnings or loss of earning potential. (Compl. ¶¶ 12-16.)

On February 15, 2018, Plaintiff commenced suit against Defendant via Civil Action Complaint in the Court of Common Pleas of Philadelphia County. (Compl. at 1; Removal Notice ¶ 2.) In said Complaint, Plaintiff asserted a claim for negligence and sought damages "in excess of $50,000." (Compl. at 5.) On May 5, 2018, Defendant received responses to discovery requests from Plaintiff. (Removal Notice ¶ 11.) On May 21, 2018, Defendant received a Case Management Conference Memorandum from Plaintiff. (Removal Notice ¶ 11.) With the information contained in the discovery responses and the Case Management Conference Memorandum, Defendant concluded the Amount in Controversy exceeded $75,000. (Removal Notice ¶ 11.) On May 31, 2018, Defendant filed a Notice of Removal to this Court. (Removal Notice ¶¶ 1-19; 28 U.S.C. § 1332(a)). On June 4, 2018, Plaintiff filed a Motion to Remand to the Court of Common Pleas of Philadelphia County on grounds that the Defendant filed outside the thirty-day removal window prescribed by 28 U.S.C. § 1446. (Pl.'s Mot. Remand ¶ 5.) For the reasons set forth below, Plaintiff's Motion shall be granted.

## II.     Discussion

### A.     Removal and Remand

"Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). A corporation is a citizen of its States of incorporation and of the State wherein its principal place of business is located. 28 U.S.C. § 1332(c)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). After removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). If at any time the court is found to lack subject matter jurisdiction, the case shall be remanded. *Id*.

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Packard v. Provident National Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). The removing party must also persuade the court that its removal meets the statutory requirements, which "are to be strictly construed against removal, and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "[A] removing party who [claims the initial pleading was not removable] has a 'heavy burden of persuasion.'" *Id*.

The parties here do not dispute diversity of citizenship[1] or whether the amount in controversy exceeds $75,000. Thus, jurisdiction is not at issue. The parties dispute whether Defendant timely removed—before expiration of the removal period as set forth in 28.U.S.C. § 1446(b). (Pl.'s Mot. Remand 4-6; Def.'s Resp. Opp'n 11-18.)

Defendant asserts Plaintiff's Complaint was not initially removable because there was not enough information in the Complaint for Defendant to show by a preponderance of the evidence that the amount in controversy exceeded $75,000. (Removal Notice ¶¶ 9, 10.) Defendant determined the amount in controversy exceeded the jurisdictional amount after receiving discovery responses on May 5, 2018 and a Case Management Conference Memorandum on May 21, 2018. (Removal Notice ¶ 11.) Defendant filed its notice of removal on May 31, 2018. (ECF No. 1.)

Plaintiff responds that Defendant's removal was late because it was filed more than thirty days after the date Defendant was served with Plaintiff's Complaint—March 1, 2018. (Pl.'s Mot. Remand ¶¶ 3-6.) Plaintiff further contends that, based on the Complaint, Defendant should

have been aware that the value of Plaintiff's claim exceeded the jurisdictional amount because the Complaint indicated Plaintiff would need surgery related to "aggravation of Chiari I malformation." (Pl.'s Sur Reply 1.) In reply, Defendant argues Plaintiff's Complaint was not adequate to alert it to the fact that the amount in controversy exceeded $75,000 because it

> does not provide any detail whatsoever regarding the type of surgery allegedly necessary, the nature of the surgery, whether the surgery was significant or minor, the body part(s) to which the surgery was performed or to be performed, or whether Plaintiff actually underwent the surgery as opposed to it allegedly being deemed necessary.

(Def.'s Sur Reply 1.) In support of its argument, Defendant cites a similar case, *Brown v. Modell II, Inc.*, for the proposition that vague allegations of injury are not sufficient to put a defendant on notice that the amount in controversy requirement has been met. (Def.'s Sur Reply 2 (citing No. CIV.A. 08-1528, 2008 WL 2600253 (E.D. Pa. July 1, 2008)).) Defendant points out that the Complaint in *Brown* also included allegations of the need for surgery. (Def.'s Sur Reply 2.)

Defendant is correct that many of Plaintiff's allegations of injury are vague, but Plaintiff is correct that she specifically alleged a need for surgery related to Chiari I malformation. This Court cannot take judicial notice of whether the cost of such surgery does or does not exceed the jurisdictional amount, but it should not have to. If a court has to guess at whether the jurisdictional amount was not met based on the Complaint, the defendant has not carried its burden of persuading the Court that its removal meets the statutory requirements. *Scott v. Wal-Mart Stores, Inc.,* 2013 U.S. Dist. LEXIS 152817, at *4 (D.N.J. Oct. 23, 2013) ("'[I]f this Court has to guess' at whether the jurisdictional threshold has been met, then the 'defendant has not proved its point.'") (quoting *Valerio v. Mustabasic*, Civ. No. 07-534, 2007 U.S. Dist. LEXIS 103030, at * 11 (D.N.J. Sept. 21, 2007) (internal citations omitted)). In addition to showing it

---

[1] Defendant's sole member is a citizen of both Delaware and Virginia, its State of incorporation and principal place of business, respectively. (Removal Notice ¶ 11.) Plaintiff is a citizen of

was able to determine, in May, after receipt of discovery and case management documents, that the amount in controversy exceeded the jurisdictional amount, Defendant needed to show, not just assert, that it could not have made such a determination within the statutory time limit for removal based on the Complaint. Defendant failed to do this.

*Brown v. Modell II, Inc.* is distinguishable from this case in that the Complaint therein did not include allegations of a particular surgery or surgery related to any specific condition.[2] As mentioned, Plaintiff here made such an allegation.

This Court does not hold that Defendant should or should not have been able to ascertain the amount in controversy based on the contents of the Complaint or based on the type of surgery alleged therein. This Court simply holds that Defendant, as the removing party, failed to sustain its burden of persuasion regarding the statutory time limit by failing to show that it could not have ascertained, based on the complaint, that the amount in controversy exceeded the jurisdictional amount. Resolving all doubts in favor of remand as this Court must do, Plaintiff's Motion shall be granted and the instant matter shall be remanded to the Philadelphia Court of Common Pleas.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand shall be granted.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II   J.

---

Pennsylvania. (Compl. ¶ 1.) The parties are therefore diverse.
[2] Brown's complaint only generally alleged that "Plaintiff underwent two surgeries." Compl. ¶¶ 11, 16, 21, *Brown v. Modell II, Inc.* No. CIV.A. 08-1528, 2008 WL 2600253 (E.D. Pa. July 1, 2008).